**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| OBD SENSOR SOLUTIONS LLC, | |
|---|---|
| Plaintiff, | CIVIL ACTION NO. 2:25-cv-00122 |
| v. | |
| UAB XIRGO GLOBAL, | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff OBD Sensor Solutions LLC ("OBD Sensor Solutions" or "Plaintiff") files this complaint against Defendant UAB Xirgo Global ("Xirgo Global" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement of the following United States Patent (the "Asserted Patent"):

| U.S. Patent No. | Title | Available at |
|---|---|---|
| 7,146,346 | Fuzzy-Logic On Board Device For Monitoring And Processing Motor Vehicle Operating Data | USPTO.GOV, https://patentcenter.uspto.gov/applications/10172145, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7146346. |

2. OBD Sensor Solutions seeks monetary damages.

**PARTIES**

3. OBD Sensor Solutions is a limited liability company organized under the laws of the State of Texas, with a place of business at 815 Brazos Street, Suite 500, Austin, Texas 78701-2509 (Travis County).

4. Defendant is a limited liability company organized under the laws of Lithuania with its

principal place of business at Chemijos g. 15, Kaunas, 51332 Kauno m. sav., Lithuania.

## JURISDICTION AND VENUE

5. OBD Sensor Solutions repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

6. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident of the United States, and thus may be sued in any judicial district, including this one, pursuant to 28 U.S.C. § 1391(c)(3). *See also In re HTC Corporation*, 889 F.3d 1349, 1357 (Fed. Cir. 2018) ("The Court's recent decision in TC Heartland does not alter" the alien-venue rule.).

8. Defendant is subject to this Court's specific and general personal jurisdiction under due process because of Defendant's substantial business in this District, in the State of Texas, and in the United States, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in this state, in this District, and in the United States.

9. Specifically, Defendant intends to do and does business in, has committed acts of infringement in this District, in this State of Texas, and in the United States, directly, through intermediaries, and offers its products or services, including those accused of infringement here, to customers and potential customers located in this state, including in this District, and in the United States.

10. Defendant has purposefully directed infringing activities at residents of the State of

Texas, and this litigation results from those infringing activities. Defendant regularly sells (either directly or indirectly), its products within this District. For example, Defendant has placed the Accused Products into the stream of commerce via an established distribution channel with the knowledge or understanding that such products have been and are being sold in this District and the State of Texas. Defendant is subject to this Court's specific and/or general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due to its substantial and pervasive business in this State and District, including its infringing activities alleged herein, from which Defendant derives substantial revenue from goods sold to Texas residents and consumers.

11. Based upon public information, Defendant owns, operates, advertises, and/or controls the website https://www.xirgoglobal.com/, through which it advertises, sells, offers to sell, provides and/or educates customers about its products and services utilizing infringing systems to customers in this District.

12. Defendant imports, ships, and causes to be shipped into the United States and into this District infringing products and materials instructing its customers to perform infringing activities to its employees, exclusive and non-exclusive contractors, agents, and affiliates for installation, operation, and service at locations within this State and in this District.

13. Defendant markets, sells, and delivers accused products in this district, and has committed acts of infringement in this District.

14. Defendant has committed acts of infringement from this District, including, but not limited to, use of the Accused Products in an infringing manner.

15. Defendant has committed acts of direct and/or indirect patent infringement within Texas, and elsewhere within the United States, giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Defendant would not offend

traditional notions of fair play and substantial justice.

## THE ACCUSED PRODUCTS

16. OBD Sensor Solutions repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

17. Based upon public information, Defendant makes, uses, sells and/or offers for sale one or more Plug-In GPS Vehicle Tracker products and solutions, e.g., XT2600, along with associated software and applications, which monitor and process information and/or data related to the use and functioning of motor vehicles through use of an on-board diagnostic computer and associated inner network connecting vehicle sensors (the "Accused Products"). *See generally* https://www.xirgoglobal.com/ (discussing the Plug-In GPS Vehicle Tracker product and solutions, e.g., XT2600, and linking to https://www.xirgoglobal.com/export/en/model/xt2600); **Figures 1-2**.



**Figure 1**
https://www.xirgoglobal.com/export/en/model/xt2600



**Figure 2**
https://www.xirgoglobal.com/export/en/model/xt2600

18. Upon information and belief, Defendant owns, operates, advertises, and/or controls at least the websites https://www.xirgoglobal.com/ through which it advertises, sells, offers to sell, promotes, provides and/or educates customers about its products, including the Accused Products.

**COUNT I:   INFRINGEMENT OF U.S. PATENT NO. 7,146,346**

19. OBD Sensor Solutions repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

20. The USPTO duly issued U.S. Patent No. 7,146,346 (the "'346 patent") on December 5, 2006, after full and fair examination of Application No. 10/172,145, which was filed on June

14, 2002. *See* '346 patent at 1.

21. The '346 patent is entitled "Fuzzy-Logic On Board Device For Monitoring And Processing Motor Vehicle Operating Data." *See id.*

22. OBD Sensor Solutions is the exclusive licensee of the '346 patent, with the sole and exclusive right to prosecute this action and enforce the '346 patent against infringers, and to collect damages for all relevant times.

23. The claims of the '346 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of electronic built-in on-board devices and methods for monitoring and processing motor vehicle operating data.

24. The written description of the '346 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the priority date. The '346 patent also identifies and circumscribes all information necessary for a skilled artisan to perform each limitation in the claims in light of that which was known in the art at the priority date.

25. Defendant has infringed the '346 patent by making, using, providing, supplying, selling, offering for sale, or distributing the Accused Products.

26. Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '346 patent.

27. For example, the Accused Products, when used by Defendant or a customer, provide an electronic device for monitoring and processing information data related to the use and

functioning of motor vehicles through an inner network connecting vehicle sensors, said device comprising, a central processing unit; an integrated data storage connected to the central processing unit; and a network connector operatively connected to the central processing unit and configured to be connected to an inner network of a motor vehicle through a connector used by motor vehicle makers for accessing a vehicle on-board electric system with a diagnostic unit, said device being a stand-alone device cooperating with the vehicle electronic dedicated control units, via said network connector and through said inner network, and processing information data related to use and functioning of the motor vehicle received through said network connector and the inner network from connected vehicle sensors, said data received through said inner network being processed by said central processing unit and performed analysis being stored into said storage; an interface connector providing connection to one of a radio transmitter and a wireless unit; and a front-end device and a bus connecting said network connector to said central processing unit; and a further bus connecting said central processing unit to said storage, wherein said device is coupled, through said on-board network connector, with one of an OBD- and an EOBD connector for interfacing the motor vehicle inner networks with an outside network of said motor vehicle.

28. OBD Sensor Solutions or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '346 patent.

29. Plaintiff has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to OBD Sensor Solutions in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

30. Plaintiff hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

31. WHEREFORE, OBD Sensor Solutions requests that the Court find in its favor and against Defendant, and that the Court grant OBD Sensor Solutions the following relief:

   a. Judgment that one or more claims of the Asserted Patent has been infringed, either literally or under the doctrine of equivalents, by Defendant or all others acting in concert therewith;

   b. An award of a reasonable ongoing royalty for future infringement of the '346 patent by such entities;

   c. Judgment that Defendant account for and pay to OBD Sensor Solutions all damages to and costs incurred by OBD Sensor Solutions because of Defendant's infringing activities and other conduct complained of herein;

   d. Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

   e. That this Court declare this an exceptional case and award OBD Sensor Solutions its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

   f. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>February 3, 2025</u>            Respectfully submitted,

By: <u>/s/ C. Matthew Rozier</u>

C. Matthew Rozier (CO 46854)  *
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street, 2nd Floor
Washington, District of Columbia 20005

Telephone: (404) 779-5305, (202) 316-1591
Email: matt@rhmtrial.com

Jonathan Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

James F. McDonough, III (GA 117088) *
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

*Attorneys for Plaintiff OBD SENSOR SOLUTIONS LLC*

\* Admitted to the Eastern District of Texas